**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
UNITED STATES OF AMERICA,

        -against-

SHAWN YOUNG,
                    Defendant.
-------------------------------------------------------------X

06 CR 495 (RMB)

**DECISION AND ORDER**

      Having reviewed (i) Defense counsel's submissions, dated May 1, 2019, June 4, 2019, August 14, 2019 and November 18, 2019 seeking a reduction in Shawn Young's ("Young" or "Defendant") sentence pursuant to Section 404 of the First Step Act of 2018, Pub.L.No.115-391, 132 Stat. 5194 (2018) ("First Step Act"); (ii) the Government's responses, dated May 1, 2019, May 9, 2019 and June 28, 2019 opposing any reduction; (iii) the (undated) Supplemental Presentence Report received in chambers on April 12, 2019 stating that Defendant is eligible for a resentence on Count One only (not Count Two); (iv) the Judgment and Commitment Order, dated April 28, 2009; (v) helpful oral argument held on November 25, 2019; and (vi) the record herein, and applicable legal authorities, including all of the factors found at 18 U.S.C. § 3553(a), the Court finds as follows:

      1) Following a jury trial, Defendant was found guilty on November 30, 2007 of conspiracy to distribute and possess with intent to distribute cocaine in crack form (Count One) and the substantive offense of distribution and possession with intent to distribute cocaine in crack form (Count Two).

      2) At sentencing on April 27, 2009, the Court found that Count One involved at least 4.5 kilograms of cocaine in crack form. The Court also determined that the Defendant's offense

level was 43, his Criminal History Category was III and his guidelines range was "life imprisonment". The Court granted a significant variance and imposed a sentence of 16 years (192 months) on each count to run concurrently with one another, i.e. 192 months on each count.

3) Young's guidelines range, if he were to be sentenced today, is 324 months to 405 months (not life) in light of the provisions of the First Step Act. Young's post First Step Act sentence would be based upon an amended offense level 39 and a Criminal History Category III. Thus, the sentence the Court imposed on April 27, 2009 is significantly lower than the lowest end of the new guidelines of 324 to 405 months, i.e., by 132 months.

4) Count One, which is a violation of 21 U.S.C. § 841(b)(1)(A), is a "covered offense" under the First Step Act. This means that Young is eligible for resentencing on this count. "It is the statute of conviction, rather than a defendant's actual conduct, that determines a defendant's eligibility under the First Step Act." United States v. Williams, 2019 WL 2865226, *2 (S.D.N.Y. July 3, 2019) (JPO); United States v. Williams, 2019 WL 3842597, *3 (E.D.N.Y. Aug. 15, 2019) (SJF) ("The Court will follow the persuasive reasoning of the majority of district court cases in this Circuit finding that a defendant is eligible for relief under the First Step Act based upon his offense of conviction, as opposed to his actual conduct."); United States v. Wirsing, 943 F.3d 175, 182 (4th Cir.2019) ("We hold that . . . Defendant's statute-of-conviction theory of eligibility is correct.").

5) Count Two, which is a violation of 21 U.S.C. § 841(b)(1)(C), is by contrast to Count One, not a covered offense. The Court is unable to perceive a basis for a resentencing with respect to Count Two under the Fair Sentencing Act. See, e.g., United States v. Martinez, 777

2

F.App'x. 946, 947 (10th Cir. 2019) ("The Fair Sentencing Act had no effect on § 841(b)(1)(C) and, thus, [defendant's] crime of conviction is not a 'covered offense' under the Act."); United States v. Hunter, 2019 WL 1220311, *2 (D.Conn. Mar. 15, 2019) ("[T]he Court concludes that the Fair Sentencing Act did not modify the statutory penalties for a violation of § 841(b)(1)(C), and by extension determines that [defendant's] crime of conviction is not a covered offense under the First Step Act.") But see United States v. Washington, 2019 WL 4750575, *2 (C.D. Illinois Sept. 30, 2019).

6) Defendant appears to have made significant strides to change his life around for the better while incarcerated. He is now almost 40 years old. He has served more than 13 years of his 16 year sentence. He has made very productive use of his time in prison. For example, he has earned his GED; he has also completed many vocational and educational programs, including, among other courses, Forklift Training, Commercial Driver's License, Resume Writing, Critical Thinking, Nutrition, and Parenting. Young has one child, an aunt, and two sisters and a brother. His mother, father and grandmother passed away while he was incarcerated. Young has also worked steadily while in custody, including at a factory that recycles electronics; in food service, in recreation and as an orderly. Defendant has also been a fitness instructor teaching several classes to other inmates.

And, according to Defense counsel, in the more than thirteen years that Defendant has been in custody, he has had three non violent infractions while incarcerated but **no infractions in more than six years**. Defendant has also expressed his genuine remorse to the Court for his past actions. In a letter to the Court, dated May 30, 2019, the Defendant states that he has "utilized this time in prison to further my education, to get fully certified in Commercial Housekeeping

3

through the vocational training program by Howard College.  I have taken and passed both the CDL and forklift classes which I'm sure in all will help me with post-incarceration job prospect[s]." Young. Letter dated May 30, 2019, Exh. E to Def Letter, dated June 4, 2019, ECF No.150.  Defendant also states: "Your Honor, I promise you that I have put my prior life behind me.  I'm just not that person I was when I stood before you at my sentencing.  You can look at my overall educational transcripts and work history and see that I haven't wasted this time in prison by sitting around being unproductive.  I never in a million years thought I would every say with all my heart that being sent to prison actually saved my life.  I was so lost back then it shames me to my soul to believe that I behaved the way I did all those years wasting my life in those God forsaken streets.  Don't believe for a second that I haven't suffered.  Your Honor.  I have sat by these past years and watch my closest loved ones die without being able to at least say goodbye.  My mom, dad, and grandmother have all past away since my incarceration." Id.

7) Defense counsel advised the Court that the Defendant's release date has been (re)calculated and that the Defendant could be moved to a halfway house within a month.

8)  In light of the factors at 18 U.S.C. § 3553(a), including Defendant's (good) conduct over the last 13 years, his progress and enhanced motivation and his accomplishments while incarcerated, the Court is exercising its discretion in two ways.  First, the Court exercises its discretion to reduce Young's sentence on Count One to the time he has already served.

Second, the Court exercises its discretion to recommend - - as of today - - to the Bureau of Prisons that the Defendant be placed in a Residential Reentry Center or home confinement **as soon as practicable**.

9) Defense counsel is directed to forward a copy of this Order forthwith to the Bureau of Prisons, along with the Order, also dated December 11, 2019, Modifying the Sentence Pursuant to the First Step Act.

**Conclusion and Order**

For the reasons stated herein, Young's motion for a sentencing reduction [#150, #151] is respectfully granted in part and denied in part.

Dated: New York, New York
December 11, 2019

_____
**RICHARD M. BERMAN, U.S.D.J.**